1

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
ron@consumersadvocates.com
MICHAEL T. HOUCHIN (SBN 305541)
mike@consumersadvocates.com
651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665

Attorneys for Plaintiff and the
Proposed Class

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL ANDERSON, individually and on behalf of all others similarly situated, | Case No: **'18 CV 2550 JLS  WVG** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| OUTERNATIONAL BRANDS INC., a Delaware Corporation; | |
| Defendant. | |

Plaintiff Ariel Anderson ("Plaintiff") hereby brings this Action against Defendant Outernational Brands, Inc. ("Defendant"), alleging that certain products manufactured, packaged, labeled, advertised, distributed and sold by Defendant are misbranded and falsely advertised and otherwise violates consumer protection laws, and upon information and belief and investigation of counsel alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.      This Court has both general and specific personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct substantial business in the State of California, County of San Diego, and Defendant's principal place of business is located in the State of California.

3.      This Court has specific personal jurisdiction arising from Defendant's decision to advertise and sell the Products in California. Defendant has sufficient minimum contacts with this State and sufficiently avails itself to the markets of this State through its manufacture, promotion, sales, and marketing of the Products to consumers within the State to render the exercise of jurisdiction by this Court reasonable.

4.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Vivaloe Products at issue in this action in this judicial district, and it conducts business within this judicial district.

CLASS ACTION COMPLAINT

**NATURE OF THE ACTION**

5.     This is a consumer class action for violations of warranty, negligent and intentional misrepresentations/omissions and consumer protection laws, with a nationwide and California class for violation of consumer protection laws.

6.     Defendant manufactures, distributes, advertises, markets and sells a variety of purportedly natural fruit flavored products known as Vivaloe beverage products, including, without limitation, the Vivaloe Watermelon, Vivaloe Honeydew, and Vivaloe Peach Products (collectively, the "Products").

7.     The labeling of the Products are false and misleading and the Products thus are misbranded under California consumer protection laws.  Specifically, the Products are labeled as if they are flavored only with natural ingredients when they in fact contain an undisclosed artificial flavor, malic acid, in violation of state and federal law.

8.     Defendant's packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying premium, all-natural products with only natural flavoring ingredients instead of products that contains artificial chemicals and that are artificially flavored.

9.     Plaintiff, who was deceived by Defendant's unlawful conduct and purchased the Products in California, brings this action on her own behalf and on behalf of California consumers to remedy Defendant's unlawful actions.

10.     On behalf of the Class as defined herein, Plaintiff seeks an Order compelling Defendant to, among other things: (1) cease packaging, distributing, advertising and selling the Vivaloe beverage Products in violation of U.S. FDA regulations and California consumer protection laws and state common laws; (2) re-label or recall all existing deceptively packaged Vivaloe beverage Products; (3) conduct a corrective advertising campaign to inform consumers fully; (4) award Plaintiff and other Class members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorneys' fees.

CLASS ACTION COMPLAINT

## PARTIES

11.    Plaintiff Ariel Anderson is a citizen of the State of California and resides in San Diego, California.

12.    Plaintiff purchased the Vivaloe Products for personal consumption in 2018 in the State of California.

13.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Outernational Inc. is a Delaware corporation with its principal place of business located in San Rafael, California. Plaintiff is informed and believe, and upon such information and belief alleges, that Defendant, at all relevant times, conducted business in the State of California and in the County of San Diego.

## FACTUAL BACKGROUND

### Defendant Does Not Disclose That The Products Are Artificially Flavored.

14.    Defendant's labeling and advertising scheme is deliberately intended to give consumers the false impression that the Products are composed only of natural flavors and "no artificial colors or flavors."

15.    The images below are a true and accurate reproduction of the front and side label, respectively, of the Vivaloe Peach Aloe product.




CLASS ACTION COMPLAINT

16.     As depicted, the Product's front label prominently displays an "All Natural" designation and the side label shares the notation "no artificial color or flavors." Defendant painstakingly and intentionally designed this Product label and the other labels for its Products to deceive consumers into believing that there are no artificial ingredients, including artificial flavoring agents or artificial chemicals contained in the Products.

17.     All of the Products, however, contain a synthetic chemical flavoring compound identified as "malic acid." Specifically, the Vivaloe Peach Product's back label states that the ingredients include: "Water, aloe vera pulp, aloe vera juice, pure cane sugar, peach juice concentrate, apple juice concentrate, citric acid ***malic acid***, natural flavor, calcium lactate, gellan gum.

18.     This "malic acid" is an inexpensive synthetic chemical used in processed food products to make the products taste like tangy fresh fruits – like blueberries, lemons, mangos, or cherries, and in the Products Plaintiff purchased, like the "watermelon" flavor advertised.

19.     Under these circumstances, the labels of the Vivaloe Products violate California and federal statutes and state common law in multiple respects.

20.     First, because each of the Products contain additional flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to disclose those additional flavors rather than misleadingly suggest that the Products are flavored only by natural fruit juices. (California Health & Safety Code § 109875 *et seq.*, (Sherman Law), incorporating 21 C.F.R. § 101.22.)[1]

21.     Second, the Products' ingredient lists violate federal and state law because they identify, misleadingly, the malic acid flavoring only as the general "malic acid"

---

[1] California's Sherman Food, Drug and Cosmetic Act, California Health & Safety Code § 109875 *et seq.,* incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act.  An act or omission that would violate an FDCA regulation necessarily violates California's Sherman Law.  (Health & Safety Code, § 110100.)  Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

CLASS ACTION COMPLAINT

instead of using the specific, non-generic name of the ingredient.  (*See* 21 C.F.R. § 101.4(a)(1).)

22.    Even more deceptive, however, is the fact that the Products, rather than being flavored only with natural juices and flavors as the labels suggest, contain an undisclosed artificial flavor made from petrochemicals.  Defendant conceals this from consumers.

23.    There is a different, naturally-occurring form of malic acid found in some fruits and vegetables.  Defendant does not use this type of malic acid; it instead adds a synthetic industrial chemical called d-1 malic acid,[2] in the form of a racemic mixture of d- and 1-isomers, to flavor the Products and make them taste like fresh fruit.

24.    This type of "malic acid" is not naturally-occurring but is in fact manufactured in petrochemical plants from benzene or butane – components of gasoline and lighter fluid, respectively – through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

25.    Both the natural and unnatural forms of malic acid are considered "GRAS" (generally recognized as safe) for use as flavorings in foods marketed to adults[3]; the d-malic acid form, however, has never been extensively studied for its health effects in human beings.  Both forms confer a "tart, fruity" flavor to food products.[4]

26.    Defendant uses this artificial petrochemical, d-1 malic acid, in its Products but pretends otherwise, conflating the natural and artificial flavorings and deceiving consumers.

---

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

[3] The d-l form of malic acid, the one used by Defendant, is forbidden for use in baby foods out of health concerns if consumed by infants.

[4] https://thechemco.com/chemical/malic-acid/ (last visited April 30, 2018).

CLASS ACTION COMPLAINT

27.     Because they contain artificial flavoring, both federal and state law require the Products to display both front- and back-label disclosures to inform consumer that they are artificially flavored.  (21 C.F.R. § 101.22.)

28.     These Products have neither front-label nor back-label disclosures. Defendant intentionally designed their Product labels without the required disclosure of "Artificial Flavoring" on the front or back of the label for the purpose of deceiving consumers into believing that there are no artificial ingredients, artificial flavoring agents or artificial chemicals contained in the Products. It is currently unknown whether the Products are also contaminated with precursor chemicals used in the manufacture of d-1 malic acid.

29.     California law, incorporating and identically mirroring U.S. Food, Drug and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors.  (21 C.F.R. § 102.5(a).)

30.     Under FDA regulations, a recognizable primary flavor identified on the front label of a food product is referred to as a "characterizing flavor."  (21 C.F.R. § 101.22.)

31.     FDA regulations and California law establish that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavors by word, vignette, e.g., description of a fruit, or other means" then "such flavor shall be considered the characterizing flavor." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i).)

32.     "Peach", "watermelon", "coconut", "honeydew", and "natural flavors" are primary recognizable flavors identified on the Vivaloe beverage Products' front labels. These are characterizing flavors under California and federal regulations.

33.     If a product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both of natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the

characterizing flavor, the food must be prominently labeled as "Artificially Flavored." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i)(3), (4).)

34.    A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) … when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance … and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." (California's Sherman Law, incorporating 21 C.F.R. § 102.5(c).) Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. (*Id.*)

35.    The synthetic d-l malic acid in the Products simulates, resembles, and reinforces the characterizing fruit flavors for the Products. Under these regulations, Defendant was required to place prominently on the Products' front labels a notice sufficient to allow California consumers to understand that the Products contained artificial flavorings.

36.    Defendant failed to do so, deceiving consumers and violating California law, federal law, and corresponding state common laws.

37.    Accordingly, Plaintiff and the Class were unaware that the Products contained artificial flavoring when they purchased them.

38.    When purchasing the Products, Plaintiff and Class Members were seeking products of particular qualities that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

39.    Plaintiff is not alone in these purchasing preferences.  As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy.  "All demographics [of consumers] – from Generation Z to Baby Boomers – say they would pay more" for such products, specifically including foods with no artificial flavors.[5]  Forty-one percent (41%) of consumers rated the absence

---

[5] *Consumers Want Healthy Foods - And Will Pay More For Them*"; Forbes Magazine, February 15, 2015.

of artificial flavors in food products as "Very Important," and eighty percent (80%) of North American consumers are willing to pay a premium for foods with no artificial ingredients.[6]

40.   John Compton, the CEO of a beverage manufacturer, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating: "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be natural."

41.   Defendant's labeling and advertising reflect these consumer preferences – not by making the Products solely with natural ingredients, but instead by concealing the fact that the Products are artificially flavored.

42.   Table 1, below, lists the Products included in this Action.

| Vivaloe Watermelon | Vivaloe Original Aloe |
|---|---|
| Vivaloe Honeydew | Vivaloe Peach Aloe |
| Vivaloe Coconut Aloe | Vivaloe Pink Lemonade |

43. The Products' back labels list "malic acid" on the ingredients list as shown below.

///

///

---

https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; (last visited March 22, 2018).

[6] The Nielsen Company, Global Health and Wellness Survey, "Healthy Eating Habits Around the World," 2015; https://www.nielsen.com/content/dam/nielsenglobal/eu/nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Wellness%20Report%20-%20January%202015.pdf; (last visited March 22, 2018)

CLASS ACTION COMPLAINT







CLASS ACTION COMPLAINT

44.    California's Health & Safety Code states that "[a]ny food is misbranded it is bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labelling states that fact."  (California Health & Safety Code, § 110740.)

45.    California law requires Defendant to include sufficient notice on the Products' labels to alert California consumers that the Products are artificially flavored. Defendant failed to do so. Accordingly, Defendant's Products were misbranded and illegal to distribute or sell in California.  (California Health & Safety Code, §§ 110740, 110760, 110765.)

46.    Because the Products violated California law, they were misbranded when offered for sale in California.

47.    Plaintiff and the Class lost money as a result of Defendant's conduct because they purchased Products that contained undisclosed artificial flavors and were illegal to sell.

**Plaintiff's Purchase Of The Vivaloe Products**

48.    Plaintiff Ariel Anderson purchased the Vivaloe Products in San Diego, California during the Class Period defined herein.

49.    Plaintiff purchased the Vivaloe Products in April 2018 at Wal-Mart located on 3412 College Avenue, San Diego, CA, 92115.

50.    Plaintiff subsequently discovered Defendant's unlawful acts as described herein in October 2018, when she learned that the Vivaloe beverage Products' characterizing flavors were deceptively created or reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Vivaloe labels.

51.    Plaintiff was deceived by and relied upon the Products' deceptive labeling, and specifically the omission of the legally-required notice that it contained artificial flavorings. Plaintiff purchased the Vivaloe Products believing it was naturally flavored, based on the Products' deceptive labelling and failure to disclose that they were artificially flavored.

52.     Plaintiff, as a reasonable consumer, is not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the product's front label is false and misleading, or to search the label for information that federal regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendant deliberately places on the Vivaloe Products' labelling.  Defendant, but not Plaintiff, knew or should have known that this labelling was in violation of federal regulations and state law.

53.     Because Plaintiff reasonably assumed that the Vivaloe Products would be free of artificial flavoring, based on the Products' labels, when they were not, she did not receive the benefit of her purchase. Instead of receiving the benefit of products free of artificial flavoring, she received Products that were unlawfully labeled to deceive the consumer into believing that they were exclusively naturally flavored and contained no artificial flavoring, in violation of federal and state labelling regulations.

54.     Plaintiff would not have purchased the Products in the absence of Defendant's misrepresentations and omissions.  Had Defendant not violated California law, Plaintiff would not have been injured.

55.     The Vivaloe beverage Products were worth less than what Plaintiff paid for it and Class members would not have paid as much as they have for the Products absent Defendant's false and misleading statements and omissions.

56.     Plaintiff and the Class therefore lost money as a result of Defendant's unlawful behavior. Plaintiff and the Class altered their position to their detriment and suffered loss in an amount equal to the amounts they paid for the Products.

57.     Plaintiff intends to, seeks to, and will purchase the Vivaloe Products again when she can do so with the assurance that the Products' labels, which indicate that the Products are naturally flavored, is lawful and consistent with the Products' ingredients.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

59.     The nationwide Class is defined as follows:

>       All U.S. citizens who purchased the Products in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

60.     The California Class is defined as follows:

>       All California citizens who made retail purchases of the Products in California on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

61.     During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or d-l malic acid and were otherwise improperly labeled. Defendant failed to label the Products as required by California law.

62.     During the Class Period, Class members purchased the misbranded Products, paying a price premium for those Products compared to similar products lawfully labeled.

63.     The proposed Class meets all criteria for a class action, including numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

64.     This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are

hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

65.     The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result, purchasing Products that were illegal to sell in California.

66.     The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Products' retail purchase prices which are generally under $5.00 per unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

67.     Because Defendant's misrepresentations were made on the label of the Products, all Class members including Plaintiff was exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate California law with impunity.

68.     The proposed Class representative satisfies adequacy of representation. Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interests antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

69.     There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

70.     Questions of law and fact common to Plaintiff and the Class include:

a.     Whether Defendant failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Products;

CLASS ACTION COMPLAINT

b.      Whether Defendant's labeling omissions and representations constituted false advertising under California law;

c.      Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

d.      Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

e.      Whether Defendant's label statements claiming solely natural flavorings was an affirmative representation of the Products' composition and conveyed an express warranty;

f.      Whether Defendant's conduct constitutes a breach of implied warranties under California's Commercial Code;

g.      Whether the statute of limitations should be tolled on behalf of the Class;

h.      Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

i.      Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

71.      Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and have retained counsel competent and experienced in class litigation.

72.      Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

73.      Class treatment is therefore appropriate under California law.

74.      Class damages will be adduced at trial through expert testimony and other competent evidence.

75.      California law holds that the price-premium consumers paid for the falsely-advertised Products, as a percentage of the Products' retail prices, is a proper measure of Class damages.

CLASS ACTION COMPLAINT

76.     Food-industry consumer research is consistent and readily supports such estimates of that price-premium, as consumers quantitatively report that they seek out, value, and are willing to pay a premium for food products with no artificial flavors.

77.     On information and belief, based on publicly-available information, Plaintiff alleges that the total amount in controversy exclusive of fees, costs, and interest, based on the estimated price premium and Product revenues for sales to the Class in California during the proposed Class Period, exceeds $5 million.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FRAUD BY OMISSION,**

**Cal. Civ. Code §§ 1709-1710**

**and the common law of all states**

(on behalf of the Nationwide Class and the California Class)

78.     Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

79.     Plaintiff brings this claim for fraud by omission pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of fraud are substantially similar from state to state, thus making nationwide class certification appropriate.

80.     Defendant actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and members of the Class to purchase the Products. Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products as is required by California and federal law.

81.     Plaintiff and the Class were unaware of these omitted material facts and would not have purchased the Products, or would have paid less for the Products, if they had known of the concealed facts.

82.     Plaintiff and the Class suffered injuries that were proximately caused by Defendant's active concealments and omissions of material facts.

- 16 -

83.   Defendant's fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiff and the Class members as they would not have purchased the products at all if all material facts were properly disclosed.

## SECOND CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION,
### Cal. Civ. Code §§ 1709-1710
### and the common law of all states
### (on behalf of the Nationwide Class and the California Class)

84.   Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

85.   Plaintiff brings this claim for negligent misrepresentation pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of negligent misrepresentation are substantially similar from state to state, thus making nationwide class certification appropriate.

86.   Defendant had a duty to disclose to Plaintiff and the Class members the existence of artificial flavoring ingredients on the front labels of the Products pursuant to California and federal law. Defendant was in a superior position than Plaintiff and the Class members such that reliance by Plaintiff and the Class members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

87.   During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the products, including the existence of artificial flavoring ingredients.

88.   Defendant was careless in ascertaining the truth of their representations in that it knew or should have known that Plaintiff and the Class members would not have realized the true existence of artificial flavoring ingredients in the Products.

89.   Plaintiff and the Class members was unaware of the falsity of Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

CLASS ACTION COMPLAINT

90.     Plaintiff and the Class members would not have purchased the Products, or would have paid less for the Products, if the true facts had been known.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT,

### CAL. CIV. CODE §§ 1750, *et seq.*

### (on behalf of the California Class)

91.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

92.     The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

93.     Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Products are a "good" as defined by Cal. Civ. Code § 1761.

94.     Defendant's failure to label the Products in compliance with federal and state labeling regulations, was an unfair, deceptive, unlawful, and unconscionable commercial practice.

95.     Defendant's conduct violates the CLRA, including but not limited to, the following provisions:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

96.     As a result of Defendant's violations, Plaintiff and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had these Products been

labeled truthfully, and in the form of the reduced value of the Products purchased compared to the Products as labeled and advertised.

97.     On or about October 23, 2018, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code § 1782(a). Plaintiff sent Defendant, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.

98.     Wherefore, Plaintiff seeks injunctive relief for Defendant's violations of the CLRA. If Defendant fails to take the corrective action detailed in Plaintiff's CLRA letter within thirty days of the date of the letter, then Plaintiff will seek leave to amend their complaint to add a claim for damages under the CLRA.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, (UNLAWFUL PRONG)

### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

### (on behalf of the California Class)

99.     Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

100.    Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.  Section 17200 specifically prohibits any "unlawful . . . business act or practice."

101.    The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

102.    Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations and California's Sherman Law.

103.    Among other violations, Defendant's conduct in unlawfully packaging and

labeling and distributing the Products in commerce in California violated U.S. FDA and California packaging and labeling regulations.

104.   The Products' front labels fail to disclose that they contain synthetic artificial flavoring and are not flavored with and do not contain any or all of the natural fruits named on the labels, in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

105.   The "Vivaloe Watermelon" Product, for example, contains the synthetic dl-malic acid flavoring ingredient.

106.   The dl-malic acid is a synthetic flavoring material which creates, simulates, or reinforces the characterizing "Watermelon" flavor of the Product.

107.   The dl-malic acid in the Vivaloe Products are not derived from any natural material as defined in the applicable state regulations and is therefore, by law, an artificial flavoring.

108.   Defendant fails to inform consumers of the presence of artificial flavors in the Products on the front label as required by law.

109.   Defendant's packaging, labeling, advertising, and marketing of high-sugar juice beverages are intentionally designed to give consumers the impression that they are buying an all-natural product instead of a product that contains artificial flavors and large amounts of added sugar, and are therefore likely to deceive reasonable consumers.

110.   Defendant's conduct further violates other applicable California and federal regulations as alleged herein.

111.   Defendant's practices are therefore unlawful under Section 17200 *et seq.* of the California Civil Code.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW (UNFAIR PRONG), CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

### (on behalf of the California Class)

112.   Plaintiff re-allege and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

113.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

114.   Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

115.   While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Defendant to sell the Products to consumers who otherwise would not purchase an artificially-flavored food product at the premium retail price, or at all, if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Products lawfully, this utility is small and far outweighed by the gravity of the harm inflicted on California consumers.

116.   Defendant's conduct with respect to the labeling, advertising, and sale of Defendant's high-sugar juice beverages was also unfair to consumers because it allows Defendant to sell the Products to consumers who otherwise would not purchase a product high in added sugars that contributes to excessive sugar consumption.  The consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one that consumers themselves could reasonably have avoided.

117.   Defendant's conduct also injures competing food product manufacturers, distributors, and sellers, that do not engage in the same unfair and unethical behavior.

118.   Moreover, Defendant's practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

119.   Plaintiff's purchases and all Class members' purchases of the Products all took place in California.

120.   Defendant labeled the Products in violation of federal regulations and California law requiring truth in labeling.

CLASS ACTION COMPLAINT

121.   Defendant consciously failed to disclose material facts to Plaintiff and the Class in Defendant's advertising and marketing of the Products.

122.   Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

123.   Defendant's conduct is also "unconscionable" because it violates, *inter alia*, 21 C.F.R. § 101.22, which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

124.   Defendant intended that Plaintiff and the Class rely on Defendant's acts and omissions to induce them to purchase the Products.

125.   Had Defendant disclosed all material information regarding the Products, Plaintiffs and the Class would not have purchased the Products or would only have been willing to pay less for the Products than they did.

126.   Plaintiff suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising: she was denied the benefit of the bargain when she purchased the Products based on Defendant's violation of the applicable laws and regulations, and purchased the Products in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

127.   The acts, omissions, and practices of Defendant detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, the price premium of monies spent to purchase the Products they otherwise would not have, and she is entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

128.   Section 17200 also prohibits any "unfair, deceptive, untrue or misleading

advertising." For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

129.   Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to return to the Class the amount of money improperly collected.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW,**

**CAL. BUS. & PROF. CODE §§ 17500,** *et seq.*

**(on behalf of the California Class)**

130.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

131.   Defendant made and distributed, in California and in interstate commerce, Products that unlawfully fail to disclose the presence of artificial flavoring as required by federal and state food labeling regulations.

132.   The Products' labeling and advertising in California presents the Products as if they were solely naturally-flavored and contain the natural fruit(s) shown on the labels.

133.   Under California's False Advertising Law ("FAL"), Business and Professions Code § 17500 *et seq.*,

"It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal.

Bus. & Prof. Code § 17500.

134.   Defendant's labeling and advertising statements on the Products' labels and in advertising and marketing materials are "advertising device[s]" under the FAL.

135.   Defendant's labeling and advertising statements, which communicated to consumers that the Products contain the identified natural fruit(s) and concealed the fact that they contain synthetic artificial flavor, were untrue and misleading, and Defendant at a minimum by the exercise of reasonable care should have known those actions were false or misleading.

136.   Defendant's labeling and advertising for Products as natural fruit juice beverages which actually contain substantial amounts of added sugar is deceptive in light of the strong evidence that excessive sugar consumption greatly increases risk of chronic disease.

137.   Defendant's conduct violated California's False Advertising Law.

## SEVENTH CAUSE OF ACTION

### BREAK OF EXPRESS WARRANTIES,

#### CAL. COMM. CODE § 2313

**(on behalf of the California Class and all states with substantially similar laws)**

138.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

139.   The Products' front label representations misleadingly suggest that the Products are flavored only with natural fruits such as watermelon or peaches and contain no artificial flavors.

140.   Defendant's front label statement of contents, for example, "Watermelon", was an affirmative representation of the Product's composition creating an express warranty.

141.   These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendant breached: The Products are artificially flavored.

142.   Defendant sold the goods to Plaintiff and the other Class members who

bought the goods from Defendant.

143.   Plaintiff and the Class did not receive goods as warranted by Defendant.

144.   Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic flavorings, Plaintiff notified Defendant of such breach.

145.   As a proximate result of this breach of warranty by Defendant, Plaintiff and the Class have been damaged in an amount to be determined at trial.

### EIGHT CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES,

### CAL. COMM. CODE § 2314

**(on behalf of the California Class and all states with substantially similar laws)**

146.   Plaintiff re-alleges and incorporates the allegations made elsewhere in the Complaint as if set forth in full herein.

147.   Defendant's label representations also created implied warranties that the product was suitable for a particular purpose, specifically as an exclusively naturally-flavored food product containing the advertised fruit juice(s). Defendant breached this warranty.

148.   The Products' front labels misleadingly imply that they are flavored only with the natural ingredients comprising the characterizing flavors.

149.   The Products also made representations that the products are natural and healthy and not filled with added sugars.

150.   As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiff, as well as all members of the Class, intended to use the Products as naturally-flavored food products.

151.   This became part of the basis of the bargain between the parties.

152.   Based on that implied warranty, Defendant sold the goods to Plaintiff and other Class members who bought the goods from Defendant.

153.   At the time of purchase, Defendant knew or had reason to know that Plaintiff and the Class members were relying on Defendant's skill and judgment to select or furnish a product that was suitable for this particular purpose, and Plaintiff and the

CLASS ACTION COMPLAINT

Class justifiably relied on Defendant's skill and judgment.

154. The Products were not suitable for this purpose.

155. Plaintiff purchased the Products believing they had the qualities Plaintiff sought, based on the deceptive advertising and labeling, but the Products were actually unsatisfactory to Plaintiff for the reasons described herein.

156. The Products were not merchantable in California, as they were not of the same quality as other products in the category generally acceptable in the trade.

157. The Products would not pass without objection in the trade when packaged with the existing labels, because the Products were misbranded and illegal to sell in California. Cal. Comm. Code 2314(2)(a).

158. The Products also were not acceptable commercially and breached the implied warranty because they were not adequately packaged and labeled as required. Cal. Comm. Code 2314(2)(e).

159. The Products also were not acceptable commercially and breached the implied warranty because they did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code 2314(2)(f), and other grounds as set forth in Commercial Code section 2314(2).

160. By offering the Products for sale and distributing the Products in California, Defendant also warranted that the Products were not misbranded and were legal to purchase in California. Because the Products were misbranded in several regards and were therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

161. As a result of this breach, Plaintiff and the other California consumers in the Class did not receive goods as impliedly warranted by Defendant.

162. Within a reasonable amount of time after the Plaintiff discovered that the Products breached these warranties, Plaintiff notified Defendant of such breach.

163. As a proximate result of this breach of warranty, Plaintiff and other California consumers have been damaged in an amount to be determined at trial.

164. As a result, Plaintiff, the Class, and the general public are entitled to

CLASS ACTION COMPLAINT

injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated in California, and the general public, pray for judgment against Defendant as follows:

A.   An order confirming that this action is properly maintainable as a class action as defined above;

B.   An order appointing Plaintiff as class representatives and The Law Office of Ronald A. Marron as counsel for the Class;

C.   An order requiring Defendant to bear the cost of Class notice;

D.   An order declaring that the conduct complained of herein violates the CLRA;

E.   An order declaring that the conduct complained of herein violates the UCL;

F.   An order declaring that the conduct complained of herein violates the FAL;

G.   An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

H.   An order requiring Defendant to disgorge any benefits received from Plaintiff and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Products;

I.   An order requiring Defendant to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

J.   An award of punitive damages in an amount to be proven at trial;

K.   An order enjoining Defendant's deceptive and unfair practices;

L.   An order requiring Defendant to conduct corrective advertising;

M.   An award of pre-judgment and post-judgment interest;

N.   An award of attorney fees and costs; and

O.   Such other and further relief as this Court may deem just, equitable, or

CLASS ACTION COMPLAINT

proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

DATED: November 6, 2018       Respectfully Submitted,

*/s/ Ronald A. Marron*
Ronald A. Marron

**LAW OFFICES OF RONALD A. MARRON**
Ronald A. Marron
*ron@consumersadvocates.com*
Michael T. Houchin
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665
***Counsel for Plaintiff and the
Proposed Class***

CLASS ACTION COMPLAINT